United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA HINES, | No. C-10-2813 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO SUBSTITUTE AND AMEND** |
| CALIFORNIA PUBLIC UTILITIES COMMISSION, *et al.*, | **(Docket No. 19)** |
| Defendants. | |
| _____/ | |

Currently pending before the Court is Plaintiff Donna Hines's motion to substitute and amend. Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **GRANTS** both the motion to substitute and the motion to amend.[1]

## I.   FACTUAL & PROCEDURAL BACKGROUND

In her complaint, Ms. Hines alleges that she has been employed by Defendant the California Public Utilities Commission ("CPUC") since 2002. *See* Compl. ¶ 19. Currently, she works for a division within the CPUC known as the Division of Ratepayer Advocates ("DRA"). The DRA is responsible for advocacy on the behalf of California ratepayers. *See id.*

---

[1] The Court also grants Ms. Hines's request to file a correction to her reply papers. *See* Docket No. 28 (motion).

1  Ms. Hines initiated this lawsuit against the CPUC, as well as Defendant Dana Appling, in
2 June 2010. At the time, Ms. Appling was the Director of the DRA. Ms. Hines asserted claims
3 against Ms. Appling in her individual capacity only.
4  Subsequently, Ms. Appling passed away. Accordingly, Ms. Hines indicated that she wished
5 to make a substitution or joinder to address the death of Ms. Appling. *See* Docket No. 13 (motion).
6 The Court thereafter set a briefing schedule for a motion for substitution or joinder. *See* Docket No.
7 14 (order). Ms. Hines filed her motion in October 2010. *See* Docket No. 19 ("Preliminary
8 Response"). The Court construed the motion as not only one to substitute or join the estate of Ms.
9 Appling but also as one to amend to add three new defendants, namely, Michael R. Peevey, Frank R.
10 Lindh, and Joseph A. Abhulimen. Ms. Hines's papers reflects that she seeks to sue each new
11 defendant in his individual capacity only. *See* Docket No. 19 ("Preliminary Response" at 4;
12 "Counts" at 1). Her papers also indicate that she seeks to assert the following claims against each
13 new defendant, as well as the estate of Ms. Appling: (1) violation of §§ 15(a)(1) and 18(a) of the
14 Securities Exchange Act and (2) violation of 42 U.S.C. §§ 1983 and 1985. *See* Docket No. 19
15 ("Counts" at 13).

## II. DISCUSSION

A. <u>Motion for Substitution or Joinder</u>

Federal Rule of Civil Procedure 25 governs the substitution of parties. Under Rule 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party . . . ." Fed. R. Civ. P. 25(a)(1).

> In *Robertson v. Wegmann*, 436 U.S. 584 (1978), the Supreme Court held that the law of the forum state is "the principle reference point in determining survival of civil rights actions" under section 1983. *Id.* at 590; *see also Moor v. Alameda County*, 411 U.S. 693, 703 n.14 (1973) (noting that pursuant to 42 U.S.C. § 1988, state survivorship statutes may allow the survival of actions brought under section 1983). Under California law, a cause of action against a person is not lost by reason of the person's death. Cal. Civ. Proc. Code § 377.20(a). Therefore, [Ms. Appling's] death did not extinguish the claim against [her], and a motion for substitution is appropriate in this case.

*Anderson v. Thomas*, No. CIV S-07-2566 GEB EFB P, 2010 U.S. Dist. LEXIS 20192, at *2 (E.D. Cal. Feb. 9, 2010).

2

As to who should be substituted for Ms. Appling, the Supreme Court has stated: "Should [a state] official die pending final resolution of a personal-capacity action, the plaintiff would have to pursue his action against the decedent's estate." *Kentucky v. Graham*, 473 U.S. 159, 166 n.11 (1985). Thus, Ms. Hines's request to substitute the estate of Ms. Appling for Ms. Appling is proper.

The Court notes, however, that it is not clear from the record whether Ms. Appling was ever served with a copy of the original complaint or even the amended complaint. Accordingly, the Court hereby grants Ms. Hines's motion to substitute the estate of Ms. Appling for Ms. Appling but orders Ms. Hines to serve a copy of the following documents on the estate: (1) the original complaint and summons, (2) the amended complaint, (3) the document captioned "Preliminary Response" (including all attachments), *see* Docket No. 19, (4) the document captioned "Counts to Individual Capacity Suit" (including all attachments), *see id.*, and (5) this order. Service on the estate shall be effected no later than December 31, 2010, and must comply with Federal Rule of Civil Procedure 4. Ms. Hines shall file a proof of service with the Court on the same day that she serves the above documents on the estate.

As a final point, the Court notes that this order permitting the substitution does not bar the estate from challenging the complaint (or the other documents identified above), once it is served.[2]

B.  Motion to Amend

Under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)(2).

In general, "[f]ive factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067,

---

[2] The Court agrees with the CPUC that it is not clear whether Ms. Hines wishes to sue the estate for only (1) violation of §§ 15(a)(1) and 18(a) of the Securities Exchange Act and (2) violation of 42 U.S.C. §§ 1983 and 1985, *see* Docket No. 19 ("Counts" at 13) – or whether she wishes to sue the estate for additional claims identified in her original complaint against Ms. Appling. *See* Opp'n at 2 (arguing that it is "unclear whether Plaintiff intends to assert the same claims against Ms. Appling's estate that she asserted against Ms. Appling in the original Complaint, or whether the single count listed in the 'Counts to Individual Capacity Suit' is now the entirety of Plaintiff's claims against Ms. Appling's estate").

1077 (9th Cir. 2004). An amendment is futile if a proposed claim could not withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002); *see also GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) (stating that "[t]he opportunity to amend a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted," which is "the same standard of legal sufficiency that applies under Rule 12(b)(6)") (internal quotation marks omitted). "'Futility alone can justify the denial of a motion to amend.'" *Johnson*, 356 F.3d at 1077.

As noted above, Ms. Hines's papers indicate that she seeks to assert the following claims against Mr. Peevey, Mr. Lindh, and Mr. Abhulimen: (1) violation of §§ 15(a)(1) and 18(a) of the Securities Exchange Act and (2) violation of 42 U.S.C. §§ 1983 and 1985.[3] *See* Docket No. 19 ("Counts" at 13). Moreover, the papers reflect that she seeks to assert the claims against the individuals in their individual, or personal, capacities only.

Because Ms. Hines is asserting only individual capacity claims, and not official capacity claims, the CPUC lacks standing to challenge the claims on the basis of futility. The Court rejects the CPUC's assertion that Ms. Hines is actually making official capacity claims. Ms. Hines's papers expressly refer to individual capacity claims only, and not official capacity claims. To the extent the CPUC argues that official capacity claims are implicitly being made, the Court disagrees. Mr. Abhulimen, for example, appears to have been directly involved in at least one of the adverse employment actions suffered by Ms. Hines (*i.e.*, the corrective action memorandum of July 27, 2009). Therefore, there is a basis for Ms. Hines to sue Mr. Abhulimen in his individual capacity. While Mr. Peevey and Mr. Lindh do not appear to have had any direct involvement in the adverse employment actions, that does not establish that Ms. Hines is necessarily making official capacity claims against them. Rather, Ms. Hines simply seems to be making a respondeat superior argument – *i.e.*, that they are responsible for the retaliatory conduct of their subordinates.

---

[3] The Court acknowledges that Ms. Hines's papers make reference to various other federal statutes, including federal antitrust statutes, the Sarbanes-Oxley Act ("SOX"), and the criminal mail fraud statute. However, in the document captioned "Counts to Individual Capacity Suits," Ms. Hines formally identifies only violations of §§ 15(a)(1) and 18(a) of the Securities Exchange Act and violations of 42 U.S.C. §§ 1983 and 1985.

In short, the Court takes Ms. Hines at her word that she is making only individual capacity claims and not any official capacity claims against any of the new defendants. This is consistent with her decision to sue Ms. Appling in her individual capacity only. Ms. Hines is forewarned that, at this juncture, the Court does not read her papers as asserting any official capacity claims – whether against the new defendants, Ms. Appling, or Ms. Appling's estate.

As the CPUC lacks standing to challenge the individual capacity claims on the basis of futility, the only question for the Court is whether there is another basis for the CPUC to oppose the amendment to add the new defendants to the case. The CPUC has not articulated any other grounds (*e.g.*, bad faith, prejudice), and therefore, the Court shall permit Ms. Hines to amend her complaint to add the new defendants to the case. The Court forewarns Ms. Hines that, as it interprets her papers, she is asserting against the new defendants only claims for (1) violation of §§ 15(a)(1) and 18(a) of the Securities Exchange Act and (2) violation of 42 U.S.C. §§ 1983 and 1985. *See* note 2, *supra*.

While the Court is allowing the amendment, it emphasizes that it is not precluding the new defendants from challenging the above claims asserted against them, whether on the basis of failure to state a claim for relief or on another ground. That is, in the end, it may well be that the claims asserted against the new defendants, in whole or in part, are futile.

Ms. Hines is ordered to serve a copy of the following documents on each of the new defendants: (1) the original complaint and summons, (2) the amended complaint, (3) the document captioned "Preliminary Response" (including all attachments), *see* Docket No. 19, (4) the document captioned "Counts to Individual Capacity Suit" (including all attachments), *see id.*, and (5) this order. Service on the estate shall be effected no later than December 31, 2010, and must comply with Federal Rule of Civil Procedure 4. Ms. Hines shall file a proof of service with the Court on the same day that she serves the above documents on the new defendants.

///
///
///
///

5

### III. CONCLUSION

For the foregoing reasons, the Court grants Ms. Hines's motion to substitute and to amend. Ms. Hines is ordered to effect service of process on the estate and the new defendants in accordance with the above. Within 30 days of receipt of service, the estate and the new defendants shall respond to the claims being asserted against them, whether by answer or by motion.

This order disposes of Docket Nos. 19 and 28.

IT IS SO ORDERED.

Dated: November 24, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA HINES, | No. C-10-2813 EMC |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| CALIFORNIA PUBLIC UTILITIES COMMISSION, *et al.*, | |
| Defendants. | |
| _____/ | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California.  On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Donna Hines
268 Bush Street, #3204
San Francisco, CA  94104
415-205-3377

Dated: November 24, 2010          RICHARD W. WIEKING, CLERK

                                  By:   /s/  Leni Doyle
                                        Leni Doyle
                                        Deputy Clerk