UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA HINES, | No. C-10-2813 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S "EXPEDITED MOTION FOR INTERIM REMEDIES AND ECONOMIC RELIEF"** |
| CALIFORNIA PUBLIC UTILITIES COMMISSION, *et. al.*, | **(Docket No. 38)** |
| Defendants. | |
| _____/ | |

On January 24, 2011, Plaintiff Donna Hines filed an "Expedited Motion for Interim Remedies and Economic Relief" in this case. As the Court noted in its previous Order, it treats this as a Motion for a Preliminary Injunction. Plaintiffs asks the Court to issue an Order that (1) reverses her recent suspension(s), (2) requires money she is entitled to under her retirement/pension to plan be transferred into her private bank account, and (3) sets hearing on her claims. After considering Plaintiff's motion, Defendant's opposition brief, supporting papers, and the record of this case, the Court finds that oral argument would not aid the Court in its analysis, and **DENIES** the motion.

## I. BACKGROUND

In her complaint, Plaintiff alleges that she has been employed by Defendant the California Public Utilities Commission ("CPUC") since 2002. *See* Compl. ¶ 19. She currently works for a division within the CPUC known as the Division of Ratepayer Advocates ("DRA"). The DRA is responsible for advocacy on the behalf of California ratepayers. *See id.* Plaintiff initiated this lawsuit in June 2010, alleging, in general terms, that CPUC retaliated against her in response to a Title VII lawsuit she filed in 2007. Docket No. 36 (Second Amended Complaint). According to

Plaintiff, these retaliations took the form of a "Corrective Action Memo" dated July 27, 2009 (Docket No. 36 at 171-2), and two subsequent "Notices of Adverse Action" (NOAA) indicating that she would receive a Letter of Reprimand (*id.*).

Plaintiff contends that she thereafter received two Notices of Adverse Action (NOAA) from CPUC; one on August 19, 2010 and another on December 14, 2010. Plaintiff also claims she was suspended and, as of January 24, 2011, had not been reinstated. Mot at 3, 6. Additionally, as a result of her suspension, she stands to lose "more than ten percent" of her annual income. Mot. at 3.

## II. DISCUSSION

A. Legal Standard

To obtain a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[1] *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 24-5 (2008) (citations omitted); *Stormans, Inc. v. Selecky*, 586 F.3d 1109 (9th Cir. 2009); *Ctr. for Food Safety v. Vilsack*, 2010 U.S. Dist. LEXIS 141390, 4-5 (N.D. Cal. 2010). Because injunctive relief is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (per curiam)). Thus, "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Id.* at 376 (citing *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)).

---

[1] Traditionally, Courts of this Circuit used a sliding scale approach wherein, "the required degree of irreparable harm increases as the probability of success decreases." *Diamontiney v. Borg*, 918 F.2d 793, 795 (9th Cir. 1990) (internal quotation marks and citation omitted). The viability of the sliding scale approach, however, is now in question in the wake of *Winter*. *Stormans*, 586 F.3d 1109 at 1127; *but see Citigroup Global Mkts. v. VCG Special Opportunities Master Fund Limited*, No. 08-6090-cv, 2010 U.S. App. LEXIS 5025, at *18 (2d Cir. Mar. 10, 2010) (stating that "[t]he Supreme Court's recent opinions in *Munaf*, *Winter*, and *Nken* have not undermined its approval of the more flexible approach"; adding that "[n]one of the three cases comments at all, much less negatively, upon the application of a preliminary injunction standard that softens a strict 'likelihood' requirement in cases that warrant it").

B.  Preliminary Injunction Analysis

   1.  Plaintiff's Likelihood of Success on the Merits

Plaintiff argues that she is entitled to relief from her recent suspension and NOAAs, implying, without argument or citation, that these actions constitute a continuation of the conduct she alleges in her complaint as a Title VII violation. To prove retaliation in violation of Title VII, a plaintiff must demonstrate that she engaged in an activity protected by Title VII, that her employer subjected her to an adverse employment action, and that there was a causal link between the protected activity and the adverse action. *See generally Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004) (discussing the requirements for a *prima facie* showing of retaliation under Title VII). Defendant contends that Plaintiff is unlikely to prevail on the merits because she cannot establish a nexus between the NOAAs and any activity protected by Title VII. Opp'n at 6. According to Defendant, there was good cause for the NOAAs and for Plaintiff's suspension, *i.e.*, Plaintiff's pattern of neglect and wilful disobedience. Because Plaintiff provides no explanation or supporting documentation describing the protected activity and linking it to the most recent adverse action, the Court finds that this factor weighs in Defendant's favor.

   2.  Irreparable Harm

Plaintiff alleges that her suspension, a consequence of the two most recent NOAAs, will cost her over ten percent of her annual income. Mot. at 3. Defendants claim that Plaintiff was suspended "pursuant to established disciplinary proceedings from December 22, 2010 to January 20, 2011, and returned to work on January 21, 2011.² Opp'n at 4; Lee Decl. ¶ 4. As Defendants point out, "monetary injury is not normally considered irreparable." *Los Angeles Memorial Coliseum Comm.* v. *National Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980); *Sampson v. Murray*, 415 U.S. 61, 89-90 ("It seems clear that the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury.").

---

² The Court notes a fundamental disparity in the parties' timelines. Plaintiff states that, as of Monday, January 24, 2011, she had not been reinstated, Mot. at 3 ("To date, she has not been reinstated."), but Defendants claim she returned to work on Friday, January 21, 2011.

3

Plaintiff further alleges as a harm "the damage to her reputation which may ensue as a result of Defendants' public service of suspension during work hours and in the presence of her colleagues." Mot. at 3. Like monetary harm, reputational harm is not generally considered to be an irreparable injury in this type of case, although it is a factor that should be considered on a case-by-case basis. *Sampson*, 415 U.S. at 89-90. Here, Plaintiff alleges only a possible harm to her reputation, which would presumably be largely negated should she ultimately prevail in this action. Unsubstantiated predictions and speculation as to the potential for future harm are insufficient bases for preliminary injunctive relief. *See Caribbean Marine Servs. Co.*, 844 F.2d 668, 675 (9th Cir. 1988) (explaining that a plaintiff's prediction of possible injuries, including damage to reputation and goodwill, is too remote and speculative to constitute irreparable injury). For these reasons, the Court finds that Plaintiff has failed to demonstrate a likelihood of irreparable harm from the alleged misconduct; *see also* Fed. R. Civ. P. 7(b)(1)(B) (requiring a motion to state with particularity the grounds upon which relief may be granted).

### 3. Balance of Equities

The equities weigh against granting the relief requested by Plaintiff. First, the question of her reinstatement is moot since her suspension has evidently ended. Second, as Defendants point out, the Court lacks authority to order the transfer of funds from Plaintiff's retirement account. Even assuming the Court is able to order such a transfer, it would be inappropriate, as those funds are not the subject of the pending case. Rather, monetary damages awarded by the Court after reaching the merits of the case would be the appropriate remedy for the violations Plaintiff alleges.

For their part, Defendants argue that the requested injunction would threaten CPUC with an intangible harm: "the loss of its ability to maintain order and exercise its proper supervisory powers over its employees." Opp'n at 8. Although Defendant provides no evidence or citations supporting this concern, the Court is mindful of the potential for disruption in the workplace and harm to credibility. On the other hand, Plaintiff provides no evidence indicating an illicit motive for her suspension or disputing the NOAAs, which set forth reasons for disciplinary action, *e.g.*, Plaintiff's "refusal to allow [her] name to be used on DRA's filings." NOAA (Dec. 14, 2020) at 4-5. Instead, Plaintiff merely notes that "[t]he facts supporting the Motion for Interim Relief are well known . . .

." Mot. at 6. Absent any explanation establishing a genuine dispute over the validity of the August 2010 and December 2010 NOAAs (*e.g.*, a basis for claiming that she has no duty to append her name to DRA filings), the Court cannot find that the scales tip in Plaintiff's favor.

### 4. The Public Interest

The public interest is not meaningfully implicated by this dispute. To the extent that the public interest is implicated, however, it would tend to weigh against an order that would cast doubt on the integrity of the agency's disciplinary procedures absent good cause.

### C. Pending Motion to Dismiss

On February 10, 2011, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint. A hearing on that motion is currently scheduled for March 23, 2011. Pointing out that Plaintiff has not sought leave to amend her complaint, Defendants indicate their opposition to any further amendment. Opp'n at 10. Plaintiff is not given leave to file another amended complaint prior to the Court's ruling on the pending motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a Preliminary Injunction is hereby **DENIED**.

This order disposes of Docket No. 38.

IT IS SO ORDERED.

Dated: February 23, 2011

EDWARD M. CHEN
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONNA HINES,

        Plaintiff,

    v.

CALIFORNIA PUBLIC UTILITIES COMMISSION, *et al.*,

        Defendants.

_____/

No. C-10-2813 EMC

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Donna Hines
268 Bush Street, #3204
San Francisco, CA 94104
415-205-3377

Dated: February 23, 2011        RICHARD W. WIEKING, CLERK

                                            By:   /s/ Leni Doyle
                                                    Leni Doyle
                                                    Deputy Clerk