UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA HINES, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA PUBLIC UTILITIES COMMISSION, *et. al.*, <br><br> Defendants. <br> _____/ | No. C-10-2813 EMC <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE, AND MOTION FOR PARTIAL DEFAULT JUDGMENT; AND GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME** <br><br> **(Docket No. 47)** |

On February 23, 2011, Plaintiff Donna Hines filed the pending motions requesting that the Court (1) strike Defendant's Motion to Dismiss, (2) order Defendant California Public Utilities Commission ("Defendant" or "CPUC") to produce a more definite statement in response to Plaintiff's Second Amended Complaint, (3) grant "partial default judgment" with respect to allegations purportedly not addressed by Defendant's Motion to Dismiss, and (4) grant Plaintiff additional time to serve the Second Amended Complaint ("SAC") upon the Estate of Dana S. Appling. The Court **GRANTS** Plaintiff's Motion for an Enlargement of Time for Service of Process and **DENIES** each of Plaintiff's other motions for the reasons stated herein.

**I. DISCUSSION**

A.  Plaintiff's Rule 12 Motions

Pointing to Federal Rules of Civil Procedure 12(e) and 12(f), Plaintiff requests that Defendants' Motion to Dismiss (Docket No. 44) be stricken and replaced with a more definite response to the SAC. Plaintiff argues that Defendant's motion is a "pleading responsive to the January 14, 2011 [SAC]" and that it is "so vague and ambiguous as to constitute a rote and

insufficient defense . . . ." The Court rejects Plaintiff's argument for two reasons. First, Rule 12(f) applies to claims, defenses, or other matters raised in pleadings. A motion is not a pleading. *See* Fed. R. Civ. P. 7. Second, even assuming, *arguendo* that Rule 12(e) applies and that parts of Defendant's motion are too vague or ambiguous, Rule 12(e) requires the movant to "point out the defects complained of and the details desired." Plaintiff has failed to specify a single shortcoming in or passage from Defendant's motion, and has therefore failed to satisfy the plain requirements of Rule 12(e). Finally, Plaintiff has the right to oppose the motion; that is the appropriate vehicle for challenging the motion to dismiss.

B.  Plaintiff's Rule 55 Motion

Despite describing Defendant's motion as "so vague and ambiguous" that "Plaintiff cannot reasonably frame responsive legal arguments to [it]," Plaintiff has determined that the motion fails to respond to ¶¶348-368 of the SAC. *See* Pl.'s Mot. at 4. Plaintiff appears to request that the Court declare that Defendant has admitted to the claims alleged in those paragraphs, although she couches her motion as one for "Partial Default Judgment." However, Defendant has not waived the right to lodge a responsive pleading, even if Defendant's motion does not address each allegation in the SAC in its motion to dismiss. *See* Fed. R. Civ. P. 12(b) (requiring a defensive motion to be filed before a responsive pleading).

C.  Plaintiff's Motion for Enlargement of Time for Service

Plaintiff avers that she attempted, unsuccessfully, to serve the SAC upon the Estate of Dana S. Appling pursuant to this Court's December 6, 2010 Order. Pl.'s Mot. at 4-5. She provides evidence that the envelope containing a copy of the SAC (addressed to Ms. Byanca Godwin) was returned undelivered due to an incorrect address. *See* Pl.'s Mot. Ex. B. The Court accordingly finds sufficient cause to grant Plaintiff's motion for additional time to effectuate service upon the estate of Ms. Appling.

## II.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike is **DENIED**, Plaintiff's Motion for a More Definite Statement is **DENIED**, Plaintiff's Motion for "Partial Default Judgment" is **DENIED**, and Plaintiff's Motion for an Enlargement of Time to Effectuate Service is **GRANTED**.

Plaintiff shall complete service upon the estate of Ms. Appling, in conformity with the requirements of the Court's December 6, 2010 Order, no later than March 18, 2011.

This order disposes of Docket No. 47.

IT IS SO ORDERED.

February 28, 2011

_____
EDWARD M. CHEN
United States Magistrate Judge

United States District Court
For the Northern District of California

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONNA HINES,

        Plaintiff,

   v.

CALIFORNIA PUBLIC UTILITIES COMMISSION, *et al.*,

        Defendants.

_____/

No. C-10-2813 EMC

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Donna Hines
268 Bush Street, #3204
San Francisco, CA  94104
415-205-3377

Dated:  February 28, 2011         RICHARD W. WIEKING, CLERK

                           By:   /s/ Leni Doyle
                                Leni Doyle
                                Deputy Clerk