**United States District Court**
For the Northern District of California

1
2
3
4
5                          UNITED STATES DISTRICT COURT
6                          NORTHERN DISTRICT OF CALIFORNIA
7
8    DONNA HINES,                              No. C-10-2813 EMC
9              Plaintiff,
10        v.                                   **ORDER RE DEFENDANT
                                               CALIFORNIA PUBLIC UTILITIES
11   CALIFORNIA PUBLIC UTILITIES               COMMISSION'S MOTION TO DISMISS
     COMMISSION, _et al._,                     SECOND AMENDED COMPLAINT
12                                             AND TO STRIKE PUNITIVE DAMAGES**
              Defendants.                      **(Docket No. 44)**
13
     _____/
14
15
16        Plaintiff Donna Hines has filed suit against the California Public Utilities Commission

17   ("CPUC"), Michael R. Peevey, Frank R. Lindh, Joseph A. Abhulimen, and the Estate of Dana S.

18   Appling, for retaliation under Title VII of the Civil Rights Act of 1964.  Pending before the Court

19   are CPUC's motion to dismiss and motion to strike.

20                    **I.    FACTUAL & PROCEDURAL BACKGROUND**

21        In her second amended complaint ("SAC"), Ms. Hines alleges as follows.  The CPUC is a

22   state agency.  _See_ SAC ¶ 46.  CPUC regulates the three largest utilities operating in California,

23   including Pacific Gas and Electric Company ("PG&E").  _See id._ ¶ 48.  Ms. Hines has worked for the

24   CPUC since 2002.  _See_ Original Compl. ¶ 19.  Ms. Hines currently works as an analyst in the CPUC

25   department of the Division of Ratepayer Advocates ("DRA").  _See id._  ¶¶ 19, 32; _see also_ SAC ¶¶

26   66, 75-77.

27        On August 13, 2007, Ms. Hines filed suit against the CPUC for race discrimination and

28   retaliation in violation of Title VII.  _See_ SAC ¶ 310; _see also Hines v. CPUC_, No. C-07-4145 CW.

**United States District Court**
For the Northern District of California

1   Some two years later, CPUC issued several disciplinary actions against Ms. Hines.  *See* SAC ¶¶

2   289-291.  On July 27, 2009, CPUC issued to Ms. Hines a Corrective Action Memo ("CAM").  *See*

3   *id.* ¶ 289 & Ex. 1 (Disciplinary Actions).  On September 8, 2009, the CPUC issued to Ms. Hines a

4   Notice of Adverse Action.  *See id.* ¶ 290 & Ex. 1.  Lastly, on December 3, 2009, the CPUC issued to

5   Ms. Hines a second Notice of Adverse Action, which resulted in a suspension without pay.  *See id.* ¶

6   291 & Ex. 1.

7          According to Ms. Hines, the December 3, 2009 Notice of Adverse Action cited, among other

8   reasons, Ms. Hines's refusal to sponsor testimony as a cause of the disciplinary action.  *See id.* ¶

9   348.  When a DRA report is prepared, the name of the analyst who worked on the matter is included

10  on the report, and the analyst is expected to endorse the report and testify as to the report's contents

11  before the CPUC.  Order, as 2.  Ms. Hines has declined to sponsor the reports as she believes that

12  the recommendations protected the utility interests and were biased in favor of the utilities the

13  CPUC was supposed to be regulating.  *See* SAC ¶¶ 217, 218; *see also* Order, at 3.  Ms. Hines alleges

14  that the DRA management ordered material changes to the testimony as part of the "chain of

15  command."  SAC ¶ 219.  Ms. Hines claims that CPUC, *inter alia*, changed her analysis in these

16  reports.  *See id.* ¶ 357.  After changing her analysis, CPUC management compelled Ms. Hines to

17  "sponsor" (*i.e.* sign, offer biographical details as a witness, and testify under oath) the changed

18  analysis as part of her job responsibilities.  *See id.* ¶¶ 363-64.  Ms. Hines argues that CPUC has

19  effectuated disciplinary actions against Ms. Hines for her refusal to "sponsor" these reports (*i.e.* the

20  disciplinary actions).  *See id.* ¶ 365.

21         Ms. Hines filed suit against CPUC and the other defendants on June 28, 2010 for retaliation

22  under Title VII, alleging that CPUC's disciplinary actions constituted retaliation for her having filed

23  the Title VII suit in August 2007.  Order Granting Defendant's Motion to Dismiss and Strike

24  ("Order"), 11/08/2010, Docket No. 24, at 2.  With respect to the claims asserted against the CPUC,

25  they are as follows: retaliation pursuant to Title VII; violation of the Clayton and Sherman Acts;

26  violation of the Sarbanes-Oxley Act; violation of the federal securities laws; and fraud, pursuant to

27  federal law.  Order at 3.  CPUC filed a motion to dismiss and strike.  Mot. Dismiss, 8/27/2010,

28  Docket No. 9.  The Court dismissed all, but the Title VII claim, against CPUC based on Eleventh

United States District Court

For the Northern District of California

1    Amendment immunity.  *See* Order at 8.  As the Court concluded that there is Eleventh Amendment

2    immunity, the Court dismissed with prejudice all the non-Title VII claims.  *Id.*  The Court dismissed

3    Ms. Hines's Title VII claim, but with leave to amend.  *Id.* at 12.   The Court held that Ms. Hines's

4    Title VII claim was lacking as Ms. Hines failed to plead evidence of causation in her retaliation

5    claim under Title VII.  *Id.* at 11.  The Court found that the lapse of two years between Ms. Hines's

6    Title VII lawsuit and the adverse employment actions, without any other evidence of causation,

7    rendered Ms. Hines's retaliation claim facially implausible.  *Id.*  The Court found that to

8    successfully plead a retaliation claim, Ms. Hines would need to allege that CPUC engaged in

9    adverse employment actions closer in time to the August 2007 Title VII lawsuit, that Ms. Hines

10   engaged in activity protected by Title VII closer to the July-December 2009 adverse employment

11   actions, or allege additional facts that support an inference of a causal relationship.  *Id.*  The Court

12   also granted CPUC's motion to strike punitive damages.  *See* Order at 12-13.

13       In her second amended complaint ("SAC"), Ms. Hines again alleges that CPUC's

14   disciplinary actions constituted retaliation for Ms. Hines's 2007 Title VII lawsuit against CPUC.

15   *See* SAC ¶¶ 294-296.  In particular, she alleges that CPUC's actions constituted retaliation for her

16   refusal to endorse certain DRA reports.  *See id.* ¶ 334.  Ms. Hines alleges she had never received

17   disciplinary action while working for CPUC prior to her filing of the lawsuit against CPUC.  *See id.*

18   ¶ 300.  She also alleges that prior to her lawsuit, she received good or superior performance

19   evaluations.  *See id.* ¶ 301.  CPUC cited inefficiency and insubordination as causes for the

20   disciplinary actions issued against Ms. Hines.  *See id.* ¶ 297.  Ms. Hines argues that she was an

21   efficient worker and was not insubordinate.  *See id.* ¶¶ 304, 309, 314.  Ms. Hines also states that, in

22   2009, she refused to meet with CPUC privately, behind closed doors, as opposed to in her cubicle,

23   and that the Program Manager for the Energy Division made hostile comments about her.  *See id.* ¶¶

24   333-345.  None of these hostile comments, which were made in 2009, were race-based and none

25   referred to Ms. Hines's Title VII August 2007 complaint.  *See id.*

26       CPUC again seeks to dismiss Ms. Hines's Title VII claim under Rule 12(b)(6) and moves to

27   strike Ms. Hines's claim for punitive damages under Rule 12(f).  *See* Fed. R. Civ. P. 12(b)(6); 12(f).

28

United States District Court

For the Northern District of California

## II.   PLEADING STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  A motion to dismiss tests the sufficiency of a complaint or counterclaim, facilitating dismissal to the extent the pleading fails to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  The pleading is construed in the light most favorable to the non-moving party and all material allegations in it are taken to be true.  *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir.1986).  However, even under the liberal pleading standard of Rule 8, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)).  Hence, the Court need not assume unstated facts, nor will it draw unwarranted inferences.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) ("Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

Under *Twombly* and *Iqbal,* a plaintiff may not merely allege conduct that is conceivable, but must allege "enough facts to state a claim to relief that is plausible on its face."  *Twombly,* 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,*129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . .  When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly,* 550 U.S. at 556-57) (internal quotation marks omitted).  In sum, if the facts

1    alleged foster a reasonable inference of liability – stronger than a mere possibility – the claim should

2    survive; if not, the claim must be dismissed.  *See Iqbal*, 129 S. Ct. at 1949-50.

3    **III.   DISCUSSION**

4    A.    <u>Motion to Strike</u>

5          As a preliminary matter, the Court addresses CPUC's motion to strike Ms. Hines's claim for

6    punitive damages.  Under Rule 12(f), a "court may strike from a pleading an insufficient defense or

7    any redundant, immaterial, impertinent or scandalous matter."  Fed. R. Civ. P. 12(f);  *see also*

8    *McArdle v. AT & T Mobility LLC*, 657 F. Supp. 2d 1140 (N.D. Cal. 2009).  The purpose of a Rule

9    12(f) motion is to avoid spending time and money litigating spurious issues.  *See Fantasy, Inc. v.*

10    *Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds, Fogerty v. Fantasy, Inc.*, 510

11    U.S. 517 (1994).

12          In her second amended complaint, Ms. Hines asks the Court to "[p]unish or discipline" those

13    determined to have committed wrongdoing.  *See* SAC ¶¶ 407-408.  However, in her response to

14    CPUC's motion to strike her claim for punitive damages, Ms. Hines states that she seeks only

15    "remedial relief."  Pl.'s Opp'n Br.

16          As held by this Court in its previous Order, at 12-13, punitive damages are not available

17    under Title VII against government entities.  42 U.S.C. § 1981a(b)(1).  As Ms. Hines has clarified,

18    she does not seek punitive damages, the Court declines to strike the challenged portion of the SAC.

19    Instead, the Court simply construes Ms. Hines's complaint to request all damages available under

20    the law, which does not include punitive damages against the CPUC.

21    B.    <u>Title VII</u>

22          In her second amended complaint, Ms. Hines alleges, *inter alia*, that CPUC retaliated against

23    her in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq*.).  "In order

24    to establish a prima facie case of retaliation under Title VII, [a plaintiff] must demonstrate that (1)

25    she engaged in an activity protected under Title VII; (2) her employer subjected her to an adverse

26    employment action; and (3) a causal link exists between the protected activity and the adverse

27    employment action."  *Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004).  In her

28    second amended complaint, Ms. Hines asserts that the CPUC engaged in retaliation when it

subjected her to adverse employment actions in 2009 (*i.e.*,  the Corrective Action Memorandum and two Notices of Adverse Action) after she had filed a Title VII lawsuit against the CPUC in August 2007.

### 1.   Protected Activity

To prevail on a Title VII retaliation claim, a plaintiff must establish, *inter alia*, that "she engaged in an activity *protected under Title VII*."  *Thomas*, 379 F.3d at 811.  Title VII protects against, for example, discrimination on the basis of race and retaliation against an employee for making a Title VII charge or otherwise participating in a Title VII proceeding.  *See id.*  Protected activity that falls within Title VII includes, *e.g.*, an employee opposing any practice of the employer that is an unlawful employment practice by Title VII, such as the employer's practice of discrimination on the basis of race, color, religion, sex or natural origin.  *See id.*; *see also* 42 U.S.C. ¶ 2000e-*2*.  Protected activity includes an employee's actions relating to a Title VII claim, including: making a charge, testifying, assisting, or participating in enforcement proceedings.  42 U.S.C. ¶ 2000e-3(a).

However, Ms. Hines describes the bases for the disciplinary actions against her – they stem from her failure to sponsor testimony.  She stresses that her refusal to endorse certain DRA reports contributed to the adverse employment actions.  *See* SAC ¶¶ 348, 363-365.  The Court has already rejected the argument that refusal to endorse DRA reports constitutes a protected activity under Title VII.  Order, at 11.  Ms. Hines has failed to allege that she engaged in a "protected activity" other than the 2007 Title VII lawsuit.  Ms. Hines's allegation that CPUC's institutional practices disregards the conflict of interest provisions, in violation of state law, *see id.* ¶¶ 380-385, has no relation to the activity protected under Title VII which focuses on opposing an employment practice that discriminates against an *e.g.*, race or gender – not an activity in violation of state laws protecting consumers or prohibiting conflicts of interest.  Even if Ms. Hines's activity in refusing to endorse the DRA report were protected under other state or federal law or the First Amendment, it is not relevant to her Title VII retaliation claim.

2.     Causal Link Between the Protected Activity and an Adverse Employment Action

In her first complaint, Ms. Hines alleged that CPUC retaliated against Ms. Hines, with adverse employment actions, after she filed suit against CPUC in 2007.  The Court found that the two-year gap between the lawsuit and adverse employment actions, without other evidence of causation, rendered Ms. Hines's claim facially implausible.  The Court held that without more, Ms. Hines's refusal to endorse the DRA reports, as alleged, had no plausible connection with the discrimination prohibited by Title VII or a Title VII proceeding.  Order, at 11.  To make a Title VII retaliation claim, it is necessary to allege facts showing that the activity protected under Title VII, such as discrimination on the basis of race and retaliation against an employee for making a Title VII charge, motivated the adverse employment actions.  *Id.*  A two-year lapse in time, without facts alleging causation, render a retaliation claim facially implausible.  *Id.*

In its pending motion to dismiss, CPUC again argues that Ms. Hines's retaliation claim under Title VII must be dismissed as Ms. Hines fails to allege a casual connection between a protected activity and the alleged adverse employment action.  Mot. Dismiss, at 5.  CPUC claims that Ms. Hines has failed to rectify the deficiencies of her first complaint and, in her second amended complaint, Ms. Hines offers only conclusory statements regarding the casual link.  *See id.*

The Court agrees that Ms. Hines has failed to address the deficiencies in alleging a plausible claim of causation between the protected activity (filing of the Title VII claim in 2007) and the disciplinary action in 2009.  The Court has already held that a two-year lapse in time, without other evidence of causation, makes Ms. Hines's retaliation claim facially implausible.  Order, at 11.  The Supreme Court has stated that "[t]he cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be '*very close*.'"  *Clark County School Dist. v. Breeden*, 121 S.Ct. 1508, 1511 (2001) (emphasis added).  In *Breeden* itself, the Supreme Court concluded that a twenty-month gap between the protected activity and adverse employment action suggested "by itself, no causality at all."  *Id.* at 1511.  Some courts have found even a gap of even a few months insufficient.  *See, e.g.*, *Richmond v. ONEOK, Inc.*, 120 F. 3d 205 (10th Cir. 1997) (3-month period insufficient), and *Hughes v.*

United States District Court

For the Northern District of California

1     *Derwinski*, 967 F. 2d 1168 (7th Cir. 1992) (4-month period insufficient).  The causal link between a

2     protected activity and the alleged retaliatory action "can be inferred from timing alone" only when

3     there is a close proximity between the two.  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054,

4     1065 (9th Cir. 2002).

5           As Ms. Hines points out, "a specified time period cannot be a mechanically applied

6     criterion."  Opp'n Br. (quoting *Coszalter v. City of Salem,* 320 F.3d 968, 978 (9th Cir. 2003).

7     Nonetheless, courts must consider retaliation claims "in the light of the timing and the surrounding

8     circumstances."  *Id.*  No such surrounding circumstances is alleged here which could reasonably

9     lead to an inference that the adverse employment actions against her were motivated by her 2007

10     lawsuit against CPUC.  In fact, Ms. Hines's allegations suggest that the actions were taken in

11     response to her conduct in 2009 in refusing to sponsor testimony.  Even if she was justified in doing

12     so and the disciplinary actions taken were unwarranted, that does not suggest the disciplinary actions

13     were taken in retaliation of the 2007 Title VII claim; instead they appear to have been made in

14     response to her disputes with the CPUC in 2009 over the DRA reports.

15           Moreover, the Court notes that in *Coszalter*, the time gap between the protected activity and

16     the adverse actions was three to eight months, *id.* at 977, a considerably shorter period than the

17     twenty-seven months alleged here.  Ms. Hines has failed to allege anything happened during that

18     time to suggest a stronger nexus.

19           Ms. Hines's explanation about her work efficiency, *see* SAC ¶¶ 304-312,  and decision not to

20     participate in closed doors, private meetings, *see* SAC ¶¶ 333-345, also fail reasonably to imply a

21     causal connection between the 2007 Title VII claim and the 2009 disciplinary actions.

22     ///

23     ///

24     ///

25     ///

26     ///

27     ///

28     ///

United States District Court
For the Northern District of California

## IV.   <u>CONCLUSION</u>

Having failed to establish a non-conclusory plausible claim that the 2009 disciplinary actions were motivated as retaliation against the 2007 Title VII claim, and having previously afforded Ms. Hines an opportunity to cure the deficiency in her complaint, the Court dismisses the Title VII claim against the CPUC with prejudice.

This order disposes of Docket No. 44.


IT IS SO ORDERED.


Dated:  April 5, 2011

_____
EDWARD M. CHEN
United States Magistrate Judge

**United States District Court**
For the Northern District of California

1
2
3
4
5                  UNITED STATES DISTRICT COURT
6                  NORTHERN DISTRICT OF CALIFORNIA
7
8   DONNA HINES,                              No. C-10-2813 EMC
9              Plaintiff,
10        v.
                                             **CERTIFICATE OF SERVICE**
11  CALIFORNIA PUBLIC UTILITIES
    COMMISSION, *et al.*,
12
             Defendants.
13
14
15  _____/
16
17        I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern
18  District of California.  On the below date, I served a true and correct copy of the attached, by placing
19  said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing
20  said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery
21  receptacle located in the Office of the Clerk.
22  Donna Hines
    268 Bush Street, #3204
23  San Francisco, CA  94104
    415-205-3377
24
25  Dated:  April 5, 2011              RICHARD W. WIEKING, CLERK
26
27                                     By:  ___/s/  Leni Doyle_____
                                            Leni Doyle
28                                          Deputy Clerk