**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONNA HINES,

        Plaintiff,

    v.

CALIFORNIA PUBLIC UTILITIES COMMISSION, *et al.*,

        Defendants.
_____/

No. C-10-2813 EMC

**ORDER RE PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME**

**(Docket No. 73)**

Currently pending before the Court is Ms. Hines's motion for an enlargement of time. To the extent Ms. Hines seeks to continue the case management conference ("CMC"), currently set for May 18, 2011, the request is **DENIED**. Even if Ms. Hines wishes to amend her complaint to include allegations regarding adverse employment actions that took place after December 3, 2009, that is no reason to delay the CMC. However, to the extent Ms. Hines seeks only additional time to file a statement for the CMC on May 18 (a joint CMC statement was supposed to be filed a week earlier), the Court **GRANTS** the request for relief. Ms. Hines shall have until May 16, 2011, to file a CMC statement.[1]

Finally, the Court notes that, in her motion, Ms. Hines has also asked for clarification of the Court's November 24, 2010, order. *See* Docket No. 30 (order). In the order, the Court allowed Ms. Hines to plead in an amended complaint (1) a violation of §§ 15(a)(1) and 18(a) of the Securities

---

[1] The individual defendants have already filed a separate statement.

Exchange Act and (2) violation of 42 U.S.C. §§ 1983 and 1985. Ms. Hines notes that, in her document captioned "Counts to Individual Capacity Suits," she actually identified violations of not only §§ 15(a)(1) and 18(a) of the Securities Exchange Act but also § 20 of the Act. Ms. Hines states that she is "uncertain if the omission was intentional or, perhaps administrative error."

Ms. Hines is correct that she referenced § 20 in the document "Counts to Individual Capacity Suits." Section 20, however, provides only for derivative liability for violations of the Act. *See* 15 U.S.C. § 78t (titled "Liability of controlling persons and persons who aid and abet violations"); *see also Dellastatious v. Williams*, 242 F.3d 191, 194 (4th Cir. 2001) (noting that "Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a), provides for derivative liability of persons who 'control' those who are primarily liable under the Exchange Act"). Based on the factual allegations that she has made to date, Ms. Hines seems to claim that the individual defendants are directly liable, not indirectly liable. Thus, at this juncture, the Court shall not amend its prior order and Ms. Hines is not permitted to amend her complaint to add a § 20 claim to her complaint.

This order disposes of Docket No. 73.

IT IS SO ORDERED.

Dated: May 13, 2011

_____
EDWARD M. CHEN
United States Magistrate Judge

2

**United States District Court**
For the Northern District of California

1
2
3
4
5      UNITED STATES DISTRICT COURT
6      NORTHERN DISTRICT OF CALIFORNIA
7
8  DONNA HINES,                                No. C-10-2813 EMC
9          Plaintiff,
10         v.
11 CALIFORNIA PUBLIC UTILITIES              **CERTIFICATE OF SERVICE**
   COMMISSION, *et al.*,
12
         Defendants.
13
14 _____/
15
16
17     I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern
18 District of California.  On the below date, I served a true and correct copy of the attached, by placing
19 said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing
20 said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery
21 receptacle located in the Office of the Clerk.
22 Donna Hines
   268 Bush Street, #3204
23 San Francisco, CA  94104
   415-205-3377
24
25 Dated: May 13, 2011            RICHARD W. WIEKING, CLERK
26
27                                By:   /s/  Leni Doyle
                                        Leni Doyle
28                                      Deputy Clerk