UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA HINES, | No. C-10-2813 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| CALIFORNIA PUBLIC UTILITIES COMMISSION, *et al.*, | **(Docket No. 78)** |
| Defendants. | |
| _____/ | |

Plaintiff Donna Hines has moved for reconsideration of this Court's order of May 25, 2011, in which it granted the motion to dismiss filed by Michael Peevey, Frank Lindh, and Joseph Abhulimen. *See* Docket No. 76 (order). Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **DENIES** Ms. Hines's motion.

As a preliminary matter, the Court notes that Ms. Hines cannot file a motion for relief pursuant to Federal Rules of Civil Procedure 59(e) and 60 because each rule requires that there be a final judgment in the case. *See, e.g.*, *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) (stating that "[t]he policy interests underlying Rules 59 and 60, securing the finality of judgments, were not implicated in this case because the action was still proceeding against other defendants in the district court"). Therefore, the Court considers her motion pursuant to Civil Local Rule 7-9 only.

Under Civil Local Rule 7-9, a party must first seek leave to file a motion for reconsideration. The moving party must specifically show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

In the instant case, Ms. Hines's primary argument is that reconsideration is appropriate because of an article on Mr. Peevey that was published by the San Francisco Bay Guardian after the hearing on the motion to dismiss – in fact, published just the day before the issuance of the Court's order granting the motion to dismiss. This article, however, is not material to the issues analyzed by the Court in its May 25 order. Even if the article constituted admissible evidence that would bolster Ms. Hines's position that Mr. Peevey had impermissible conflicts of interest,[1] the Court's order of dismissal did not rest on the merits, or lack thereof, of Ms. Hines's claim that Mr. Peevey, among others, had improper conflicts of interest.

To the extent Ms. Hines argues for reconsideration based on other evidence, namely, the e-mail correspondence dated December 2008 and February 2009, this was evidence that was in her possession well before the issuance of the Court's May 25 order. Moreover, if anything, the e-mails provide further support for the Court's conclusions in its May 25 order – *i.e.*, that Ms. Hines did not inform any DRA/CPUC supervisor or manager that she refused to sponsor testimony because of potential conflicts of interest.

Finally, the remainder of Ms. Hines's motion is largely a rehash of arguments that she has previously made (*e.g.*, the application of *Garcetti v. Ceballos*, 547 U.S. 410 (2006)). Furthermore,

---

[1] The Court agrees with the individual defendants that it may not take judicial notice of the contents of the article pursuant to Federal Rule of Evidence 201.

1  nothing in Ms. Hines's motion convinces the Court that a Sarbanes-Oxley or securities claim (*e.g.*, §

2  10(b) of the Securities Exchange Act) against the individual defendants is possible.[2]

3  Accordingly, Ms. Hines's motion for reconsideration is denied.

4  This order disposes of Docket No. 78.

6  IT IS SO ORDERED.

8  Dated: June 28, 2011

_____
EDWARD M. CHEN
United States District Judge

---

[2] The Court notes that, technically, its May 25 order did not deal with either Sarbanes-Oxley or § 10(b). Rather, the Court addressed those statutes in conjunction with the CPUC's motion to dismiss. *See* Docket No. 24 (order, dated 11/8/2010). However, even if the Court were to construe the pending motion as a motion for leave to amend (*i.e.*, to add Sarbanes-Oxley and § 10(b) claims against the individual defendants), it would deny the motion because such claims against the individual defendants would be futile for reasons similar to those articulated in its order granting the CPUC's motion to dismiss.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA HINES, | No. C-10-2813 EMC |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| CALIFORNIA PUBLIC UTILITIES COMMISSION, *et al.*, | |
| Defendants. | |
| _____/ | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Donna Hines
268 Bush Street, #3204
San Francisco, CA  94104
415-205-3377

Dated:  June 28, 2011                                         RICHARD W. WIEKING, CLERK

                                                                          By: _____
                                                                          Betty Lee
                                                                          Deputy Clerk